UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,             :
                                       :   CASE NO. 1:11-CR-00108
           Plaintiff,                  :
                                       :
    v.                                 :   OPINION & ORDER
                                       :   [Resolving Doc. Nos. 69, 70, 73, 82]
JOHN TOWNSEND,                         :
                                       :
           Defendant.                  :
                                       :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant John Townsend files several motions. He moves: (1) for an order requiring the government to produce Jencks Act material prior to trial, [Doc. 69]; (2) to compel disclosure of consideration or promises the government provided to witnesses in exchange for their testimony, [Doc. 70]; (3) for a jury view, [Doc. 82]; and (4) to dismiss his indictment for pre-indictment delay, [Doc. 73]. The United States of America opposes the motion. [Doc. 89.] For the following reasons, the Court **DENIES** the Defendant's motions.

In this case, the United States charges Defendant Townsend with one count of conspiracy, in violation of 18 U.S.C. § 371, and three counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. The government alleges that, while a mail-room employee of Eaton Corporation in 2005–2006, the Defendant stole and conspired to steal envelopes containing checks addressed to Eaton Center tenants or employees that were then sold, transferred, or deposited into fraudulent bank

Case No. 1:1-CR-00108
Gwin, J.

accounts. [Doc. 1.] Townsend makes several pretrial motions; on August 18, 2011, the parties appeared before this Court for an evidentiary hearing and for oral argument on those motions.

Townsend first requests a Court order requiring the government to produce statements of its trial witnesses prior to trial, pursuant to the Jencks Act, 18 U.S.C. § 3500. Townsend argues that the statements are relevant to determining the witnesses' credibility and that pre-trial disclosure will avoid delay during trial. [Doc. 69.] Although Townsend is correct that pre-trial disclosure of Jencks material is generally encouraged to "avoid[] the inevitable delay of the trial when the material is withheld until the witness concludes his direct examination," *United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992), a defendant has no right under the Jencks Act to such material until the conclusion of the witness's direct examination. *Id.* Accordingly, although the Court encourages the United States to consider pretrial disclosure of witness statements, it denies this motion.

Second, Townsend moves for the Court to compel disclosure of consideration or other promises the government provided to its witnesses in exchange for their testimony, under *Giglio v. United States*, 405 U.S. 150 (1972). [Doc. 70.] The Court understands from the parties' representations that the government has generally complied and will continue comply with its *Giglio* obligations—particularly any discussions or agreements with Summit County regarding one witness, Tom Abdallah—and so denies the motion.

Third, Defendant Townsend files a motion for a jury view, requesting a trip to Eaton Center for the jury to view the Center's mail room, the incoming mail and postal service locations, and the outgoing mail drop-off locations. Townsend says that because Eaton Corporation has denied his counsel's request photograph or take video of Eaton Center, a jury view is necessary to ensure that the jury understands the evidence about Eaton Center presented at trial. [Doc. 82.] The parties have

Case No. 1:1-CR-00108
Gwin, J.

advised the Court, however, that Eaton Corporation will now allow the government and the Defendant to take photos and video on a mutually-agreeable date and time. The Court thus finds a jury view unnecessary for juror comprehension of the evidence and denies the motion.

Finally, Townsend moves to dismiss the indictment, saying that the government unduly delayed his indictment for approximately five years, arguably in violation of Townsend's Fifth Amendment due process rights. [Doc. 73.] Townsend argues that the government interviewed him about his alleged conduct in 2006 and had enough evidence in 2006 to present the case to a Grand Jury. However, Townsend says, the government brought no charges against him until 2011. [Doc. 73 at 1-2.] In the five-year interim, a potential witness in this case, Eaton Corporation mail-room employee Antoine Alexander, unexpectedly died. Defendant Townsend says Alexander would have provided testimony favorable to his defense. [Doc. 73 at 4-5.] In addition, Townsend contends that the government's delay has made it impossible to locate former Eaton Corporation employees who could testify on the important issues of Townsend's access and opportunity to commit the alleged offenses.

Despite these arguments, Townsend does not make the necessary showing to support dismissing the indictment. Townsend does not argue that the government's five-year preindictment delay violates the ten-year statute of limitations for bank fraud. *See* 18 U.S.C. § 3293; *see also United States v. Marion*, 404 U.S. 307, 322 (1971) (noting "the applicable statute of limitations . . . is . . . the primary guarantee against bringing overly stale criminal charges." (quoting *United States v. Ewell*, 383 U.S. 116, 122 (1966) (alteration in original))). Nor does he provide sufficient evidence to support his due process claim. Due process protections ultimately require dismissal of an indictment where a defendant shows both that the delay (1) resulted in actual prejudice to the

Case No. 1:1-CR-00108
Gwin, J.

defendant's right to a fair trial; and (2) was the government's intentional ploy to gain a tactical advantage over the defendant. United States v. Brown, 498 F.3d 523, 528 (6th Cir. 2007) (citing Marion, 404 U.S. at 324 and United States v. Lovasco, 431 U.S. 783, 790 (1977)).

Here, though Defendant Townsend makes some argument that the government's five-year delay resulted in actual prejudice—and though the government fails to provide any convincing explanation for its delay—he fails to offer any evidence that the government intentionally delayed the indictment to gain tactical advantage. Indeed, Townsend admits that he has no evidence of an intentional or otherwise improperly motivated delay, noting only that the government ignored an obvious impact that the passage of time would have on his defense. This argument is insufficient to show improper motive for delay. *See* United States v. Rogers, 118 F.3d 466, 476 (6th Cir. 1997) (finding reckless or negligent disregard of potentially prejudicial circumstances insufficient to warrant dismissal for preindictment delay, as defendant must show purposeful delay). Accordingly, the Court denies Townsend's motion to dismiss the indictment.

In summary, the Court **DENIES** the Defendant's motions for production of Jencks Act materials prior to trial, to compel disclosure of consideration or promises provided to witnesses, to dismiss his indictment, and for a jury view. Townsend brings a separate motion to suppress eyewitness identifications of the Defendant and for voir dire of eyewitnesses, [Doc. 74]; the Court defers ruling on this motion until the trial date in this matter.

IT IS SO ORDERED.

Dated: August 22, 2011

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE